PEOPLE v. ENNIS et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

RECEIVING STOLEN GOODS—IDENTITY OF PROPERTY.
 Where, on a prosecution for receiving stolen property, consisting of 20 bags of coffee, the only evidence that the property received was the same as that stolen was that it consisted of 20 "regular, ordinary bags," and, though the bags stolen and those received bore marks and writing, there was no evidence as to what the marks and writing were, the proof was insufficient to identify the property.

Appeal from Kings county court.

William Ennis and Dennis Garrison were convicted of receiving stolen goods, and appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edmund F. Driggs, for appellants.
John F. Clarke (William C. Courtney, on the brief), for the People.

PER CURIAM. The defendants in this case have been convicted of the crime of receiving stolen goods, under an indictment which charges the property to have been of the goods and chattels of the Bush Company, Limited. The judgment could be affirmed, but for the fact that in our opinion there is a failure in the proof given to

identify the property received with the property alleged to have been stolen. The property was 20 bags of green coffee, and there is evidence indicating that between the night of the 12th of March, 1902, and the morning following, 20 bags were taken from a lighter belonging to the company, and then located at the foot of Joralemon street. The coffee received by the defendants was taken from the dock at the foot of Twenty-Fourth and Twenty-Fifth streets. Beyond the fact that it consisted of 20 "regular, ordinary coffee bags," there is no evidence in the case tending in any way to indicate that the coffee so taken from the foot of Twenty-Fourth and Twenty-Fifth streets was the same coffee as that stolen from the Bush Company. There is evidence that the bags taken and received bore marks and writing. There is no evidence as to what the marks and writing were, and no evidence that the coffee on the lighter bore marks and writing. Under the circumstances, we think that the defendants are entitled to a reversal of the conviction.

Judgment of conviction reversed, and new trial ordered.